[779 NYS2d 236]

In the Matter of CHARLES R. ROBERT (Admitted as CHARLES RAYMOND ROBERT), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 28, 2004

## APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Mitchell T. Borkowsky* of counsel), for petitioner.

*Meyer, Suozzi, English & Klein, P.C.*, Mineola (*Robert N. Zausmer* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated April 11, 2002, containing 11 charges of professional misconduct. After a preliminary conference on May 22, 2002, and hearings conducted on June 20, June 27, July 8, July 15, August 6, September 12, September 20, and October 29, 2002, the Special Referee sustained all 11 charges. The petitioner moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the findings of the Special Referee and to deny the petitioner's motion to confirm the report.

Charge One alleged that the respondent breached his fiduciary obligations and converted escrow funds to a use other than that for which they were intended, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On or about January 11, 1997, Michael Azzarelli, Sr. and his wife, Maryann Azzarelli, were appointed guardians over the person and property of their son, Michael, by the Supreme Court, Suffolk County (Leis, J.). Michael was the plaintiff in a medical malpractice action captioned *Azzarelli v Matteleone,* then pending before the Supreme Court, Kings County (Levine, J.).

In or about September 1997, the guardians retained the respondent, inter alia, to contest an alleged Medicaid lien claimed by the Suffolk County Department of Social Services (hereinaf-

ter the DSS) against any potential recovery by Michael. The Azzarelli action was settled for $2.2 million on or about October 30, 1997.

Justice Levine issued a compromise order dated October 30, 1997, directing that the sum of $525,000 be set aside and held by the respondent's law firm in an interest-bearing escrow account pending a motion and determination of the Supreme Court, Kings County, of the alleged lien held by the DSS. On or about November 26, 1997, the respondent received that sum from the settlement proceeds and deposited it into an interest-bearing client subaccount within his law firm's escrow account at Chase Manhattan (hereinafter the Azzarelli escrow).

On or about January 12, 1999, the respondent withdrew $10,000 from the Azzarelli escrow, without the knowledge and consent of the court or other interested parties, for a down payment to purchase a home for Michael. On or about July 2, 1999, the respondent withdrew $15,000 from the Azzarelli escrow, again without the knowledge and consent of the court or other interested parties, for additional down payment funds in connection with the real estate transaction. On or about October 1, 1999, the $25,000 down payment was forfeited to the seller pursuant to the term of the contract.

Charge Two alleged that the respondent knowingly made a false statement of fact during the course of representing a client, in violation of Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]). On or about August 9, 1999, the respondent submitted a motion to the Supreme Court, Suffolk County (Leis, J.), which sought, inter alia, to utilize the Azzarelli escrow to purchase a home for the Azzarellis. In his affirmation in support of the motion, the respondent made the representation that Michael's assets were presently in two funds: $1.2 million in a supplemental needs trust and $525,000, plus interest, in an escrow account. The respondent knew or should have known that this statement was misleading in that it failed to truthfully disclose that $25,000 had already been removed from the escrow account and used as a down payment for the Azzarellis. Justice Leis denied the respondent's motion, in part because the Supreme Court, Kings County, had jurisdiction over the Azzarelli escrow.

Charge Three alleged that the respondent violated a court order and breached his fiduciary obligations by failing to promptly remit funds in his possession to a third person entitled to receive the same and by failing to render an appropriate account of

funds held in his possession, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). On or about October 22, 1999, the office of the Suffolk County Attorney, as counsel to the DSS, submitted a motion to Justice Levine seeking to compel the respondent to file an accounting of the Azzarelli escrow and to release the amount of $542,963.04 in satisfaction of the DSS lien. Justice Levine granted the motion, without opposition, and directed the respondent to file an accounting and remit the entire fund of at least $525,000 to the DSS within 30 days. Despite repeated requests by the DSS, the respondent failed to timely tender any portion of the Azzarelli escrow until approximately January 20, 2000. The respondent tendered his escrow check for $533,511.36 without filing a proper accounting. The DSS presented the check for payment on or about March 1, 2000, leaving a balance of $1,803.53 in the respondent's escrow account attributable to the Azzarelli escrow. He failed to remit that balance or to render an accounting, as directed in Justice Levine's order.

The respondent appeared before Justice Levine on or about March 2, 2000, and was directed to submit an accounting by March 23, 2000. On or about March 23, 2000, the respondent submitted a supplemental affirmation which contained a purported preliminary accounting of the Azzarelli escrow, and requested additional time to obtain bank records to prepare a final accounting. Justice Levine directed the respondent to appear with his final accounting on April 27, 2000. Upon the respondent's failure to appear, Justice Levine directed the DSS to settle an order for a hearing on contempt against the respondent. On or about June 27, 2000, the DSS moved to hold the respondent in contempt for his failure to obey Justice Levine's compromise order and memorandum and order, dated October 30, 1997, and November 15, 1999, respectively. The DSS withdrew that motion on October 18, 2000, upon the respondent's payment of $30,000.

Charge Four alleged that the respondent breached his fiduciary obligations by failing to preserve escrow funds entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). As of November 17, 1999, the respondent caused the entire remaining balance of the Azzarelli escrow, plus interest, totalling $535,314.89 to be transferred to and held in the master account of his law firm's escrow account. Between approximately November 17, 1999, and March 1, 2000, the respondent should have maintained and

preserved at least $535,314.89 attributable to the Azzarelli escrow in the master account within his law firm's escrow account. From approximately November 17, 1999, through March 1, 2000, the balance in the escrow account attributable to the Azzarelli escrow from time to time fell below the balance required to have been preserved. The respondent's account reflects the following balances:

| | |
|---|---|
| 12/07/99 | $534,228.49 |
| 12/22/99 | $519,373.69 |
| 01/25/00 | $437,014.83 |
| 01/26/00 | $435,514.83 |
| 01/27/00 | $335,261.13 |
| 01/28/00 | $333,362.63 |
| 01/31/00 | $332,814.63 |
| 02/03/00 | $331,814.63 |
| 02/07/00 | $331,504.23 |
| 02/08/00 | $329,170.70 |
| 02/10/00 | $484,778.39 |
| 02/11/00 | $382,770.65 |
| 02/15/00 | $334,182.76 |

Charge Five alleged that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). On or about October 2, 2000, the respondent was retained by Harvey Reich, a retired attorney, in connection with a claim against the Social Security Administration. Although Reich paid a retainer of $1,000, the respondent failed to take any action whatsoever on his behalf. Between October 2000 and February 2001 the respondent failed to respond to the Reich's repeated inquiries regarding the status of his matter. Reich sent letters to the respondent dated February 6, 2001, May 8, 2001, and May 23, 2001, requesting an accounting and a refund of the unearned portion of his retainer. The respondent did not respond to these letters.

Charge Six alleged that the respondent failed to promptly refund an unearned legal fee, in violation of Code of Professional Responsibility DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]). The respondent did not earn the full $1,000 fee Reich paid him and wrongly failed to refund the unearned portion of that fee.

Charge Seven alleged that respondent neglected a legal matter entrusted to him in violation of Code of Professional

Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). On April 17, 1998, Aubrey Stanley and Bertie Stanley consulted with the respondent for advice regarding estate planning at a time when Aubrey Stanley was extremely ill. The respondent repeatedly assured the Stanleys that they would receive a detailed Elder Law Plan addressing the issues discussed and his recommendations within 10 days. The respondent failed to provide the Plan or to answer Bertie Stanley's repeated inquiries. Only after receiving notice of a complaint by the Stanleys and the death of Aubrey Stanley did the respondent forward the Elder Law Plan.

Charge Eight alleged that respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). On or about April 15, 1994, William B. Meyer retained the respondent with respect to a dispute with the DSS concerning the right of his mother, Anna Meyer, to continue to receive nursing home medical benefits. By notice dated May 23, 1994, the DSS advised Anna Meyer of its intention to discontinue her benefits. The respondent advised Meyer that he would request a fair hearing before the DSS on behalf of Anna Meyer. The respondent failed to do so within the 60 days permitted by law.

Charge Nine alleged that the respondent made a false statement of fact during the course of representing a client, in violation of Code of Professional Responsibility DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5]). On or about August 3, 1994, beyond the 60-day period within which to request a fair hearing, the respondent sent the DSS a letter enclosing a purported "duplicate copy of Fair Hearing request," which he allegedly sent to the agency on May 31, 1994. The respondent did not make a fair hearing request on May 31, 1994.

Charge Eleven alleged that, based on the allegations set forth in Charges One through Ten, the respondent engaged in conduct which adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The credible evidence adduced and the reasonable inferences to be drawn therefrom support the Special Referee's findings in sustaining Charges One through Nine and the portion of Charge Eleven as is predicated thereon. The petitioner's motion to confirm is granted with respect to Charges One through Nine and those portions of Charge Eleven as are based thereon, and denied with respect to Charge Ten and the portion of Charge

Eleven as is based thereon. The respondent's cross motion is granted to the extent that Charge Ten and the portion of Charge Eleven as is based thereon are not sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that during his lengthy professional career, he has devoted virtually all of his professional efforts to representing and providing counsel to the poor, the elderly, the disabled, and the infirm. He has spent a considerable portion of that time engaged in test-case litigation. The respondent emphasizes the total absence of venal intent throughout any of these charges. There is no claim by the petitioner that the respondent ever acted for his personal enrichment at the expense of any client or third party.

The respondent concedes that upon a fair reading of the record, he can be found, in certain instances, to have been careless and not fully attentive to client matters because he overextended himself with other cases, to have made assumptions concerning certain facts or information in which he earnestly believed without insuring that others shared those assumptions, to have failed to effectively communicate his thoughts and intentions to others, and to have charted certain courses of action and adopted strategies which, in hindsight, or upon further reflection, evinced flawed judgment and analysis.

The petitioner's records reflect a disciplinary history consisting of a letter of admonition issued on April 25, 1988, for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The admonition was issued in connection with the respondent's breach of an escrow agreement he had entered into with another attorney. The agreement required the respondent to hold in escrow a deed delivered to him by the other attorney with the understanding that it would not be recorded until the respondent's client remitted $2,500 to the other attorney as consideration for the deed. The respondent had the deed recorded notwithstanding the fact that no payment was ever made pursuant to the escrow agreement.

The respondent appealed the admonition and a subcommittee hearing was conducted. It was discovered at the hearing that the respondent had violated his fiduciary obligations and invaded escrow funds. The full committee requested authorization to commence a disciplinary proceeding, which was granted.

The first disciplinary proceeding against the respondent resulted in an opinion and order of this Court dated February

28, 1994, suspending him for one year for converting $245.98 in interest generated on a real estate down payment held in his escrow account without the purchasers' knowledge and consent, converting escrow funds by using a portion thereof to clear a title impediment on his client's behalf before closing without the purchasers' knowledge or consent, and breaching the escrow agreement. Upon reargument, by decision and order dated April 15, 1994, this Court vacated the suspension and censured the respondent, finding him guilty of only the second act of conversion and breach of the escrow agreement.

The petitioner also issued the respondent a letter of caution dated November 17, 1989, for improperly withdrawing from a litigated matter without notice to a client, and a letter of caution dated July 2, 1998, to insure that he devote the proper attention to client matters, including full disclosure of all material information and prompt response to client inquiries.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of five years.

Ritter, J.P., Altman, Smith, H. Miller and Townes, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent of sustaining Charges One through Nine and that portion of Charge Eleven as is predicated thereon and is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charge Ten and the portion of Charge Eleven as is predicated thereon are not sustained and is otherwise denied; and it is further,

Ordered that the respondent, Charles R. Robert, admitted as Charles Raymond Robert, is suspended from the practice of law for a period of five years, commencing August 2, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (b) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Charles R. Robert, admitted as Charles Raymond Robert, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Charles R. Robert, admitted as Charles Raymond Robert, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Charles R. Robert shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).